UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



Surf Moore, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 19-1206 (UNA)
 )
Attorney General Barr *et al.*, )
 )
    Defendants. )

**MEMORANDUM OPINION**

    This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss a complaint upon determining that it, among other enumerated grounds, is frivolous.

    Plaintiff, a resident of Jackson, Mississippi, has sued the current United States Attorney General and the Department of Justice. He alleges, among other things, that "[a]pprox 2018," the defendants "recording [sic] Plaintiff . . . to hear if he is purchasing crude oil on the market for 100 million by electronic wire & oral comm interception transmitter device to defame & abridge speech through transmitting programs through Plaintiff T.V." Compl. at 3.[1] "The intentions," plaintiff continues, are "to stop" him from "purchasing & control[ing] oil in Libya of 100 million on the stock market and to violate the secure of advice papers formula . . . ." *Id.* Plaintiff further alleges that he "proceed[ed] to put recordings to a test from QVC" and "discover[ed]" that "Barr had taken over previous Atty General & Justice Dept application to defraud plaintiff

---

[1] The Court cites the page numbers assigned by the CM/ECF system.

1

with the influence of organized crime & Mississippi, CA, Chicago Moore family . . . to steal oil from Libya." *Id.* at 4.

Complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted)); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). The instant complaint satisfies this standard, and the Court foresees no possibility of a cure. Consequently, this case will be dismissed with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is warranted upon determining "that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (other citation omitted)). A separate order accompanies this Memorandum Opinion.

/s/ Colleen Kollar-Kotelly
United States District Judge

Date: May 17, 2019